1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

THE POKÉMON COMPANY
INTERNATIONAL, INC.,

                Plaintiff,

   v.

MARCUS FRASIER,

                Defendant.

Civil Action No. 2:14-cv-112

**COMPLAINT**

**JURY TRIAL REQUESTED**

1.      The Pokémon Company International, Inc. (Pokémon) brings this action against Defendant Marcus Frasier, owner and operator of the Pokellector Application and www.pokellector.com web site, alleging copyright infringement and false designation of origin. Mr. Frasier's wholesale reproduction of Pokémon's copyrighted images, along with his use of dominant design elements associated with Pokémon, infringes Pokémon's rights.  Accordingly, Pokémon seeks injunctive relief, damages, and attorneys' fees.

## THE PARTIES

2.      Plaintiff The Pokémon Company International, Inc., is a Delaware corporation with its principal place of business at 333 108th Avenue NE, Suite 1900, Bellevue, Washington 98004.

COMPLAINT – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

3.      Upon information and belief, Defendant Marcus Frasier is an individual residing in Shoemakersville, Pennsylvania, who developed, updates and distributes the Pokellector Application, the Pokellector Web Site www.pokellector.com, and services associated with the Application and Web Site.

**JURISDICTION AND VENUE**

4.      This Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, because this action alleges violations of federal statutes, including the Copyright Act (17 U.S.C. § 101, *et seq.*) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

5.      Personal jurisdiction over Defendant is proper in this Court.  As more fully set forth below, Defendant has willfully infringed Pokémon's copyrights and knew or should have known that the impact of his intentional acts would cause harm in this judicial district, where Pokémon is headquartered.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because Defendant is subject to personal jurisdiction in this judicial district.

**FACTUAL ALLEGATIONS**

**Pokémon's Trading Card Game**

7.      Pokémon manufactures, markets, and distributes a variety of children's entertainment products, including movies, television shows, and toys throughout the United States.

COMPLAINT – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

8.      At the center of Pokémon's business is the wildly popular Pokémon Trading Card

Game ("Pokémon TCG").  Pokémon trading cards each represent a particular character (or

"Pokémon").  Players take the role of "Trainers" and use their collected Pokémon to battle the

other trainers' creatures.  Between games, players collect trading cards to assemble their optimal

decks.

9.      Each Pokémon trading card contains original artwork depicting a Pokémon

character, as well as the character's powers and abilities, a description of the character, and other

data indicating the card's value.  For example, here is a copy of a trading card depicting the

iconic character Pikachu:



10.      Pokémon TCG can be played as a traditional board game, a video game or online

through www.pokemontcg.com.  Pokémon-sanctioned TCG tournaments are held throughout the

world, with hundreds each year in the United States alone and more than 1,000,000 registered

COMPLAINT – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

69148-0006/LEGAL27590385.11

members of the Play! Pokémon tournament system, culminating in an annual World Championships watched live and online by over 100,000 people worldwide.

11.     Pokémon owns exclusive rights under the Copyright Act for thousands of trading cards and registers the works with the United States Copyright Office.  Attached hereto as Exhibit A is a sampling of works with corresponding registration numbers.  Collectively, these works are referred to as Pokémon's Copyrighted Works.[1]  Pokémon controls its exclusive rights in its copyrights from its headquarters in Bellevue, Washington.

12.     At least four times per year, Pokémon releases new trading cards that players can incorporate into their existing decks for use in the Trading Card Game.  These cards are released in "series" that are divided into "expansion sets."  For instance, the Black & White Series consists of 12 expansion sets: Legendary Treasures, Plasma Blast, Plasma Freeze, Plasma Storm, Boundaries Crossed, Dragon Vault, Dragons Exalted, Dark Explorers, Next Destinies, Noble Victories, Emerging Powers, and Black & White.

13.     Each expansion set has its own distinctive logo used on product packaging, in advertising and on Pokémon's web site by which collectors identify the set.  For example, the logos for the Plasma Blast, Plasma Freeze, and Boundaries Crossed expansions are below:



---

[1] The works listed in Exhibit A were available on the Pokellector App and/or the Pokellector Web Site as of January 16, 2014.

COMPLAINT – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

69148-0006/LEGAL27590385.11





14.    The Pokémon trading cards, series and expansion sets are, like all other Pokémon

products, marketed under the Pokémon trademark using the distinctive Pokémon logo:



15.    In addition, commonly displayed on Pokémon products and on its web site is the

Poké Ball logo:



A simplified version of the logo appears in browser tabs for Pokémon web pages, as shown

COMPLAINT – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

below:



16.     Consumers associate the distinctive Pokémon, Poké Ball, and expansion set and series logos with Pokémon.  In 2013 alone, Pokémon invested over $5 million in advertising and promotions associated with its Trading Card Game, nearly all of which displays some or all of Pokémon's visual designs.  Pokémon's products, and specifically its Trading Card Game expansion sets, are rolled out to significant fanfare and are marketed to millions of users around the world.  While Pokémon products are directed at and enjoyed by users of all ages, Pokémon's primary audience for its Trading Card Game Database and other products is children.

**Pokémon's Web Site Terms of Use**

17.     Pokémon's Terms of Use are provided in a link at the bottom of the Pokémon homepage, the Trading Card Game Database homepage, the Pokémon Trading Card Game Online page, and every other page on the Pokémon web site.  On each page, the Terms of Use are designated in bright blue.

18.     Pokémon's Terms of Use provide specific "Restrictions on Use of Materials" as follows:

> All materials contained in this Site are the copyrighted property of Pokémon or its affiliates and licensors, unless otherwise noted. All trademarks, service marks, and trade names are proprietary to Pokémon or its affiliates and licensors, unless otherwise noted. No material from the Site or any other Internet site owned, operated, licensed, or controlled by Pokémon may be copied, reproduced, republished, uploaded, posted, transmitted, or distributed in any way without our prior written consent, except that you may download one copy of the materials on any single computer for your personal, noncommercial home use only, provided that you keep all copyright and other proprietary notices intact; no

COMPLAINT – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

69148-0006/LEGAL27590385.11

> modifications are made to the materials; you do not use the
> materials in any manner suggesting an association with any of our
> products, services, or brands; you do not download quantities of
> materials to a database for any reason.

Pokémon Terms of Use, available at http://www.pokemon.com/us/terms-of-use/.

19.     The Terms of Use further provide that "[a]ll content on this site, including

articles, artwork, screen shots, graphics, logos digital downloads and other files, may not be used

on any other website, in any publications, in public performances, in connection with any

product or service that is not Pokémon's, in any manner that is likely to cause confusion among

customers, in any manner that disparages or discredits Pokémon, or in any manner that is

otherwise exploitative for any commercial purpose or that otherwise infringes Pokémon's

intellectual property rights. **Pokémon does not grant permission to individuals to use any**

**content from this Site.**" *Id.* (emphasis in original).

20.     The Terms of Use also make clear that they "will be governed by and construed in

accordance with the laws of the State of Washington," that the state and federal courts located in

the State of Washington "shall have non-exclusive jurisdiction in respect of any claim brought

against [users] by [Pokémon]," and that users "submit to personal jurisdiction in Washington."

21.     The Terms of Use further explain that users may not access or use the Pokémon

web site if they do not agree to these terms and conditions, and that by accessing and/or using the

web site users agree to be bound by the Terms of Use Agreement.

**Defendant's Activities**

22.     Defendant Marcus Frasier is a sophisticated businessman, well-acquainted with

the rules and restrictions surrounding intellectual property rights.  Defendant is the founder and

CEO of Idle Media Inc., an online media and entertainment company that creates music and

entertainment resources for marketing, distribution, licensing, and user-generated content online.

COMPLAINT – 7

*See* http://investing.businessweek.com/research/stocks/snapshot/snapshot.asp?ticker=IDLM.
Among other things, Idle Media Inc. owns and operates the web site DatPiff.com, an online mix-tape distribution platform where music artists upload their work to the site and fans are permitted to download a certain amount of the content depending upon their registration level. Accordingly, music artists grant limited licenses for their creative expression to the web site and to DatPiff.com users.  The DatPiff.com web site contains its own Terms of Use page, including a provision prohibiting the copying, redistribution, use, or publication of content on the web site. The Terms of Use also require users to represent and warrant that any content they upload does not "in any way infringe upon the intellectual property rights of any third party."  A true and correct copy of those Terms of Use are attached as Exhibit B.

23.     In addition to his online music business, Defendant operates the Pokellector Application (or "App"), available for download on the Apple and Android platforms.

24.     When a user downloads the App, the title of the App – "The Pokellector" – appears on the user's smartphone or tablet screen. The font and style of the title is substantially similar to the font and style of the "Pokémon" logo that appears at the top of each page on the Pokémon web site and that is affiliated with Pokémon products, particularly the stylized "o" which is directly taken from the rendition of the "o" found in the Pokémon logo.  A screen shot of the App's title page is depicted here:

COMPLAINT – 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51



25.     The App provides a list of English series, including the XY Series, Black & White

Series, Call of Legends Series, HeartGold SoulSilver Series, and Platinum Series.  Screen shots

of the App's listing of the various English series as of November 20, 2013 are provided as

Exhibit C.

26.     For each Series listed on the App, the App provides the different expansion sets of

cards.  For instance, the Black & White Series lists 13 expansion sets, including: Legendary

Treasures, Radiant Collection, Plasma Blast, Plasma Freeze, Plasma Storm, Boundaries Crossed,

Dragon Vault, Dragons Exalted, Dark Explorers, Next Destinies, Noble Victories, Emerging

Powers, and Black & White.

COMPLAINT – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

69148-0006/LEGAL27590385.11

27.     The logos for the expansion sets displayed on the App are identical to Pokémon's

logos for the sets.  *See* Exhibit C.

28.     The App allows users to click on a given expansion set and view a listing of

Pokémon cards.

29.     In most instances, when users click on the name of the card, an image of the card

appears on the screen.  These images are identical to the cards copyrighted by Pokémon, except

for the addition of the Pokellector logo described in paragraph 30 below, and are presented

individually.  The image fills up most of the screen of a user's smart phone or tablet.  When the

user taps the image once, it becomes even larger.  Below are screen shots from the App:



30.     Stamped on the lower left corner of each character's picture is "The Pokellector"

logo.  The logo includes the Poké Ball logo in place of the first "o".  On information and belief,

COMPLAINT – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendant has "branded" his unauthorized copies of the Pokémon cards with his own Pokellector logo in an apparent attempt to mark the image as his own and thwart further copying by others.



31.      In some instances, below the image of the card are advertisements, such as the Walgreen's photo advertisement in the above left screenshot, which presumably reflect a method by which Defendant obtains compensation for providing the App.

32.      In some instances, when users click on the name of the card, the image of the card is not available.  Instead, a message appears on the screen that reads: "We don't have a scan for this card.  Perhaps you'd like to submit one?"  Additionally, the "Pokellector" title depicted on the screen includes the Poké Ball logo in place of the first "o".

COMPLAINT – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51




33.     Defendant also owns and operates the Pokellector Web Site at

www.pokellector.com.  A screenshot of this Web Site taken on November 20, 2013 is provided

as Exhibit D.  As of that date, the Pokellector Web Site was not functional; rather, it provided

that Defendant was "working on it" and directed users to the Pokellector App.

34.     The Pokellector Web Site is now up and running.  Attached as Exhibit E are

screenshots of the Pokellector Web Site taken on January 8, 2014.

35.     The Pokellector Web Site is very similar to the Pokellector App.  Like the App, it

provides a list of Pokémon series along with the different expansion sets of cards.  As on the

App, the logos for the expansion sets displayed on the Web Site are identical to Pokémon's logos

for the sets.  *See* Ex. E at 7-13.  When a user clicks on a given expansion set, such as the

HeartGold SoulSilver expansion set, the Web Site displays small images of each of the cards for

which Defendant has scans available.  *See id.* at 14-15.  When a user clicks on the icon with four

COMPLAINT – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

boxes in the "Card List" panel, the Web Site displays slightly larger images of the cards.  *See id.* at 16-19.  When a user clicks on an individual card, a full-size image of the card appears on the screen.  *See id.* at 20.  As with the images available on the Pokellector App, stamped on the lower left corner of each character's picture is "The Pokellector" logo.  The Web Site also has a link at the bottom of each page inviting users to "Submit Scans".  *See id.* at 6, 13, 15, 19, 22.

36.     On information and belief, Defendant has either scanned copies of the Pokémon cards and uploaded them onto the Pokellector App and Web Site, or he has copied images of the cards directly from Pokémon's web site for use on his App and Web Site.

37.     Unlike the music artists who voluntarily upload their work to Defendant's web site DatPiff.com, Pokémon has never authorized Defendant to copy, reproduce, display, or use its Copyrighted Works or the graphics, font, and style displayed on its web site.

**Pokémon's Requests that Frasier Stop Using Pokémon's Intellectual Property**

38.     On May 8, 2013, Pokémon provided notice of Defendant's infringement with respect to the Pokellector App to Apple's App Store.  The following day, Apple e-mailed Defendant to inform him of Pokémon's assertion.

39.     Over the ensuing weeks and months, the parties and their counsel corresponded several times regarding Defendant's infringement.  In particular, Pokémon's General Counsel emailed with counsel for Defendant advising of potential litigation regarding Defendant's infringement.  The General Counsel's signature block listed Pokémon's Bellevue, Washington address.  Additionally, on June 27, 2013, the undersigned counsel for Pokémon sent a cease and desist letter to counsel for Defendant via e-mail and overnight mail.  Both the email sending the letter and the letter itself listed counsel's Seattle office address.

COMPLAINT – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40.    Based on, among other things, his knowledge of the Pokémon company, the Terms of Use on Pokémon's web site, and the communications among counsel for the parties, including the cease and desist letter, Defendant knew or should have known that Pokémon is principally located in Washington and that the impact of his willful infringement of Pokémon's Copyrighted Works would cause harm likely to be suffered in Washington.

41.    Despite Pokémon's requests, Defendant has steadfastly refused to cease his copying and distribution of Pokémon's copyrighted content.

42.    As of the date of this filing, Defendant has not removed the images of Pokémon cards from the App, nor has he removed any of the graphics depicting the different Pokémon expansion sets and logos, changed the Pokellector font, or added any disclaimer regarding the App's affiliation with Pokémon.

43.    Not only has Defendant failed to remove Pokémon's Copyrighted Works and visual designs from the Pokellector App, since he was first contacted by Pokémon regarding his infringing activity, he has actively increased his copying, display, and distribution of Pokémon's visual designs and copyrighted images by launching and developing the Pokellector Web Site.

## COUNT I
### (COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101, *ET SEQ.*)

44.    Pokémon realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 43 above.

45.    Each of the Copyrighted Works constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

46.    Pokémon is the sole owner of all exclusive rights in and to the Copyrighted Works and the corresponding Certificates of Registration.

COMPLAINT – 14

69148-0006/LEGAL27590385.11

47.     Defendant has copied, created derivative works of, distributed copies to the public, publicly displayed and induced third parties to create and distribute infringing copies of the Copyrighted Works without the consent or authority of Pokémon, thereby directly infringing Pokémon's exclusive rights under the Copyright Act.

48.     The foregoing acts of Defendant constitute infringement of Pokémon's exclusive rights, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

49.     Defendant's actions were and are intentional, willful, wanton, and performed in disregard of Pokémon's rights.

50.     Pokémon is entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Pokémon has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Pokémon's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendant's continued infringement harms Pokémon such that Pokémon could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and the resulting damage to Pokémon, is continuing.

51.     Pokémon has been and will continue to be damaged, and Defendant has been unjustly enriched, by Defendant's unlawful infringement of Pokémon's copyrights in an amount to be proven at trial.

52.     Alternatively, Pokémon is entitled to statutory damages under 17 U.S.C. § 504(c).

53.     In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

54.     Pokémon is also entitled to recover its attorneys' fees and costs of suit.  17 U.S.C. § 505.

COMPLAINT – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## COUNT II
## (FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(A))

55.     Pokémon realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 54 above.

56.     The distinctive Pokémon, Poké Ball, expansion set and series logos are associated with Pokémon; they are inherently distinctive, or, in the alternative, have developed a secondary meaning, as consumers associate these visual designs with Pokémon.  Pokémon's target audience for its Trading Card Game Database and other products is children, who are more likely to be confused about the source of products and services related to the Pokémon cards and to assume that products and services reflecting Pokémon's visual designs are associated with or sponsored by Pokémon.

57.     Defendant's wrongful conduct includes the use and/or imitation of Pokémon's visual designs, specifically displays, logos, icons, graphic designs, fonts, and styles in connection with his App.

58.     Defendant's actions constitute the use in interstate commerce of a false designation of origin that is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's App and Web Site are provided by Pokémon, are associated or connected with Pokémon, or have the sponsorship, endorsement, or approval of Pokémon, in violation of 15 U.S.C. § 1125(a).

59.     Defendant's misconduct resulting in such likelihood of confusion, deception, and mistake will continue unless enjoined by this Court.

60.     As a direct and proximate result of Defendant's misconduct, Pokémon has been, and will continue to be irreparably harmed, injured, and damaged, and such harm will continue

COMPLAINT – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

unless enjoined by this Court. Pokémon has no adequate remedy at law and is therefore entitled to injunctive relief as set forth herein.

61.     As a direct and proximate result of Defendant's misconduct, Pokémon has suffered and is entitled to monetary relief under 15 U.S.C. § 1117, including profits, damages, and costs of this action.

62.     Defendant's misconduct has been and is knowing, deliberate, and willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Pokémon demands a trial by jury as to all issues so triable in this action.

### PRAYER FOR RELIEF

WHEREFORE, Pokémon respectfully requests judgment be entered in its favor and against Defendant, as follows:

1.     A permanent injunction enjoining and restraining Defendant, and all persons or entities acting in concert with him, during the pendency of this action and thereafter perpetually from:

a.   Copying, creating derivative works from, distributing copies of and/or publicly displaying the Copyrighted Works.

b.   Using, authorizing the use of, copying or imitating Pokémon's visual designs, specifically displays, logos, icons, graphic designs, fonts, and styles, or any confusingly similar or colorable imitation thereof;

COMPLAINT – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

69148-0006/LEGAL27590385.11

2.      An award of damages, including, but not limited to, compensatory, statutory, and

punitive damages, as permitted by law;

3.      An award to Pokémon of its costs of suit, including, but not limited to, reasonable

attorneys' fees, as permitted by law; and

4.      Such other relief as the Court deems just and proper.


DATED:  January 23, 2014                    By:  s/ Judith B. Jennison
                                            By:  s/ Abha Khanna
                                            Judith B. Jennison #36463
                                            Abha Khanna #42612
                                            **Perkins Coie LLP**
                                            1201 Third Avenue, Suite 4900
                                            Seattle, WA  98101-3099
                                            Telephone:  206.359.8000
                                            Facsimile:  206.359.9000
                                            Email:   JJennison@perkinscoie.com
                                                     AKhanna@perkinscoie.com

                                            Attorneys for Plaintiff
                                            THE POKÉMON COMPANY
                                            INTERNATIONAL, INC.


COMPLAINT – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000