UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARCUS FRASIER, <br><br> Defendant. | C14-112Z <br><br> ORDER |

THIS MATTER comes before the Court on defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue, docket no. 10. For the following reasons, defendant's motion is DENIED.

**1. Jurisdiction**

Plaintiff asserts only that defendant is subject to specific personal jurisdiction in the State of Washington. *See* Compl. (docket no. 1) ¶ 5. Under the Due Process Clause, for there to be specific personal jurisdiction over a defendant that is not a resident of the forum state, the defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and

ORDER - 1

1  substantial justice."  *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. &*
2  *Placement*, 326 U.S. 310, 316 (1945).

3  In the present case, defendant is alleged to have intentionally infringed upon
4  plaintiff's exclusive copyrights[1] through his creation and operation of the "Pokellector
5  Application" ("App.") and the "Pokellector Website" ("Website").  Compl. (docket no. 1)
6  ¶¶ 23–37, 48–49.  Through these endeavors, defendant has engaged in substantial
7  business in the State of Washington.  Numerous individuals located in the State of
8  Washington have downloaded the App. through Apple Inc.'s iTunes Store.  Supp.
9  Jennison Decl. (docket no. 44) Ex. G.  And between April 1, 2013, and July 28, 2014,
10 defendant's Website was visited over one thousand times by individuals located in
11 Washington.  Supp. Jennison Decl. (docket no. 46) Ex. D at FRASIER000001.  This was
12 enough to give Washington the tenth highest usage rate in the country.  *See id.*  Through
13 advertising utilized by both the App. and Website, defendant is alleged to have generated
14 substantial revenues from these Washington users.  Pl.'s Supp. Opp. to Def.'s Mot.
15 Dismiss (docket no. 43) at 3; Supp. Jennison Decl. (docket no. 46) Ex. F.

16 In May 2013, plaintiff notified both Apple and defendant that it believed
17 defendant's App. infringed upon its copyrights.  Compl. (docket no. 1) ¶ 38.  In response,
18 defendant, both personally and through counsel, communicated by email with plaintiff's

19

20

21 [1] The copyright registrations of at least five of the copyrights defendant is alleged to have infringed upon are registered to "The Pokemon Company International" located in Bellevue, Washington.  *See* Errata to McGowan Decl. (docket no. 24), Ex. B; *see also*
22 Compl. (docket no. 1) ¶ 11.

23

ORDER - 2

1  counsel regarding its claims.  McGowan Decl. (docket no. 18) Ex. A.  This series of

2  emails clearly indicate that plaintiff is located in Bellevue, Washington.  *See id.* at 2.  On

3  June 27, 2013, plaintiff's counsel sent defendant a cease and desist letter regarding

4  defendant's continued operation of the App.  Jennison Decl. (docket no. 23) Ex A.  This

5  letter was also sent from Washington.  *Id.*  After having been made aware of both

6  plaintiff's claims and their location in Washington through these communications,

7  defendant launched the Pokellector Website.  Compl. (docket no. 1) ¶¶ 33–35.

8      "Washington's long-arm statute extends jurisdiction over a defendant to the fullest

9  extent permitted by the Due Process Clause of the Fourteenth Amendment."  *Washington*

10 *Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012) (citing Wash.

11 Rev. Code § 4.28.185).  "[T]he plaintiff need only make a 'prima facie showing of

12 jurisdictional facts to withstand the motion to dismiss.'"  *Id.* (quoting *Pebble Beach Co.*

13 *v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  In determining whether a plaintiff has

14 done so, "the court resolves all disputed facts in favor of the plaintiff . . . ."  *Id.*

15     In light of the fact that defendant continued to allegedly infringe upon plaintiff's

16 copyrights after being placed on notice of both the allegations and plaintiff's location in

17 Washington, the substantial number of Washington users of defendant's allegedly

18 infringing products, and the revenues generated by these users, it is clear that defendant is

19 subject to specific personal jurisdiction in the State of Washington.  *See Washington*

20

21

22

23

ORDER - 3

*Shoe,* 704 F.3d at 672–78.[2]  Accordingly, defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

### 2.  Venue

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Having considered both the private and public factors relevant to a motion to transfer venue, (*see, e.g.*, *id.*), defendant has failed to make a sufficient showing that a transfer to the Eastern District of Pennsylvania is warranted.  Accordingly, defendant's motion to transfer venue is DENIED.

### Conclusion

For the foregoing reasons, defendant's motion is DENIED.

Dated this 21st day of November, 2014.

/s/ Thomas S. Zilly
THOMAS S. ZILLY
United States District Judge

---

[2] Defendant's contention that *Washington Shoe* was overruled by the Supreme Court's decision in *Walden v. Fiore*, 134 S. Ct. 1115 (2014), is without merit.  *Walden* merely applies "[w]ell-established principles of personal jurisdiction," (*id.* at 1126), and does not call into question the Ninth Circuit's analysis or conclusion in *Washington Shoe*.

ORDER - 4