HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | THE POKÉMON COMPANY
   | INTERNATIONAL, INC.,

11 |            Plaintiff,

12 |     v.

13 | MARCUS FRASIER,

14 |            Defendant.

Case No.:  2:14-cv-112
ANSWER AND AFFIRMATIVE
DEFENSES

15

16        Defendant Marcus Frasier ("Defendant"), by his attorneys, for his Answer to the

17 Complaint ("Complaint") of Plaintiff The Pokémon Company International, Inc. ("Plaintiff")

18 answers as follows:

19     1.   Denies truth of the allegations contained in paragraph 1 of the Complaint, except admits

20 that Plaintiff filed the Complaint in the instant action and otherwise refers to the Complaint as

21

22 the best evidence of the claims stated by Plaintiff therein.

23                                **THE PARTIES**

24     2.   Denies knowledge and information sufficient to form a belief as to the truth of the

25 allegations contained in paragraph 2 of the Complaint.

26

---

ANSWER AND AFFIRMATIVE DEFENSES - 2:14-cv-112
53406-001 \ 800690                                          -1-

3.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admits that Defendant resides in Pennsylvania, that he developed, owns and operates the Pokellector Application (the "App") and the Pokellector website located at www.pokellector.com (the "Website").

## JURISDICTION AND VENUE

4.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and otherwise states that paragraph 4 contains legal conclusions to which no response is required.

5.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except denies the truth of the allegation that Defendant has willfully infringed Plaintiff's copyrights, and otherwise states that paragraph 5 contains legal conclusions to which no response is required.

6.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and otherwise states that paragraph 6 contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

7.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admit that the Pokémon Trading Card Game can be played as a physical card game or online.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and otherwise states that paragraph 16 contains legal conclusions to which no response is required.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and refers the Court to the Pokémon homepage, the Trading Card Game Database homepage, the Pokémon Trading Card Game Online page, and every other page on the Pokémon web site as the best evidence of the placement and/or existence of links or other designations thereon.

ANSWER AND AFFIRMATIVE DEFENSES - 2:14-cv-112
53406-001 \ 800690
-3-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and refers the Court to Pokémon's Terms of Use as the best evidence of the terms stated therein.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and refers the Court to Pokémon's Terms of Use as the best evidence of the terms stated therein.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and refers the Court to Pokémon's Terms of Use as the best evidence of the terms stated therein.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and refers the Court to Pokémon's Terms of Use as the best evidence of the terms stated therein.

22. Denies the truth of the allegations contained in paragraph 22 of the Complaint, except admits that Defendant is the CEO of Idle Media Inc., which is an online media and entertainment company.  Defendant further admits the DatPiff.com website contains its own Terms of Use and avers that the Terms of Use speaks for itself and refers the Court to said terms of use as the best evidence of their contents, however irrelevant to this dispute they may be.

23. Denies the truth of the allegations contained in paragraph 23 of the Complaint including denying the implication that DatPiff is "his online music business", except admits that Defendant operates the Pokellector Application (the "App") and admits that the App is available for download the Apple App Store and Google Play.

24. Denies the truth of the allegations contained in paragraph 24 of the Complaint and otherwise states that paragraph 24 contains legal conclusions to which no response is required,

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1   except admits that after an individual downloads and opens the App, the title of the App appears

2   on the user's smartphone or tablet.

3      25. Denies knowledge and information sufficient to form a belief as to the truth of the

4   allegations contained in paragraph 25 of the Complaint, except admits that the Pokellector App

5   provides its users with an interactive database that includes information about various Pokémon

6   card series.

7      26. Denies knowledge and information sufficient to form a belief as to the truth of the

8   allegations contained in paragraph 26 of the Complaint, except admits that the Pokellector App

9   provides its users with an interactive database that includes information about various Pokémon

10   card series and various expansion sets of cards.

11      27. Denies the truth of the allegations contained in paragraph 27 of the Complaint.

12      28. Denies knowledge and information sufficient to form a belief as to the truth of the

13   allegations contained in paragraph 28 of the Complaint, except admits that the Pokellector App

14   provides its users with an interactive database that includes information about various Pokémon

15   card series, various expansion sets of cards and various cards, and admits that when a user clicks

16   on a set title he or she can see a listing of card character names within a particular set.

17      29. Denies knowledge and information sufficient to form a belief as to the truth of the

18   allegations contained in paragraph 29 of the Complaint, except admits that the Pokellector App

19   provides its users with an interactive database that includes information about various Pokémon

20   card series, various expansion sets of cards and various cards, and that the App displays images

21   of certain cards.

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

30. Denies the truth of the allegations contained in paragraph 30 of the Complaint, except admits that some cards contain a watermark of the Pokellector logo, and refers the Court to the App and Website as the best evidence of same.

31. Denies the truth of the allegations contained in paragraph 31 of the Complaint, except admits that the App contains banner advertisements.

32. Denies the truth of the allegations contained in paragraph 32 of the Complaint, except admits that in instances where no images of a card are available, a different screen appears that states "We don't have a scan for this card . . . perhaps you'd like to submit one?".

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except admits that Defendant owns and operates the Website and that the Pokellector Website was not available to the public as of November 20, 2013.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admits that the Pokellector Website is currently available to the public.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, including the accuracy of Plaintiff's characterization of the Pokellector Website and App, except admits that the Pokellector Website provides an interactive database that includes information about the Pokémon series and various expansion sets of cards, and that the Pokellector Website displays small images of some cards, and otherwise refers the Court to the Pokellector Website for the best evidence of its functionality, as well as the images and text thereon.

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

36. Denies the truth of the allegations contained in paragraph 36 of the Complaint, except admits that Defendant has scanned certain cards and uploaded them.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, except admits that after May 8, 2013, the parties and their counsel exchanged correspondence, and refers the court to said correspondence as the best evidence of the statements and other information contained therein.

40. Denies the truth of the allegations contained in paragraph 40 of the Complaint.

41. Denies the truth of the allegations contained in paragraph 41 of the Complaint.

42. Denies the truth of the allegations contained in paragraph 42 of the Complaint.

43. Denies the truth of the allegations contained in paragraph 43 of the Complaint.

## COUNT I
## (COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 *ET SEQ.*)

44. Defendant repeats and re-alleges each and every allegations set forth in paragraph 1 through 43 above.

45. Denies the truth of the allegations contained in paragraph 45 of the Complaint.

46. Denies the truth of the allegations contained in paragraph 46 of the Complaint.

47. Denies the truth of the allegations contained in paragraph 47 of the Complaint.

48. Denies the truth of the allegations contained in paragraph 48 of the Complaint.

49. Denies the truth of the allegations contained in paragraph 49 of the Complaint.

50. Denies the truth of the allegations contained in paragraph 50 of the Complaint.

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

51. Denies the truth of the allegations contained in paragraph 51 of the Complaint.

52. Denies the truth of the allegations contained in paragraph 52 of the Complaint.

53. Denies the truth of the allegations contained in paragraph 53 of the Complaint.

54. Denies the truth of the allegations contained in paragraph 54 of the Complaint.

## COUNT II
## (FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(A))

55. Defendant repeats and re-alleges each and every allegations set forth in paragraph 1 through 54 above.

56. Denies the truth of the allegations contained in paragraph 56 of the Complaint.

57. Denies the truth of the allegations contained in paragraph 57 of the Complaint.

58. Denies the truth of the allegations contained in paragraph 58 of the Complaint.

59. Denies the truth of the allegations contained in paragraph 59 of the Complaint.

60. Denies the truth of the allegations contained in paragraph 60 of the Complaint.

61. Denies the truth of the allegations contained in paragraph 61 of the Complaint.

62. Denies the truth of the allegations contained in paragraph 62 of the Complaint.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues triable of right by a jury.

## AFFIRMATIVE DEFENSES

Defendant hereby sets forth his separate and distinct affirmative defenses to the claims set forth in Plaintiffs' Complaint.  By listing any matter as an affirmative defense, Defendant does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under applicable law.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, as any use proven by Plaintiff is transformative and as such is fair use.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by Defendant's innocent intent.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver and/or abandonment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the fact Plaintiff does not own a valid copyright in one or more of the works it seeks to recover damages for.

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages if any are limited on the grounds that a statutory damage award would be wholly disproportionate to any alleged amount of actual harm to Plaintiff and as such would be punitive and unconstitutional.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by 17 U.S.C. 113.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the common law doctrine of exhaustion and/or principles of exhaustion.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's seeks attorneys fees or statutory damages in this action, such remedies are not available pursuant to *inter alia,* 17 U.S.C. § 412.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Court's lack of personal jurisdiction over Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part based upon the doctrine of substantial-non infringing use.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, precluded and/or limited, in whole or in part by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert its Complaint and the claims pled therein.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiff's claims are barred in whole or in part because some or all of the allegedly infringed works have not been registered in accordance with the Copyright Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff's alleged copyrights consist of translations and/or other material that is neither original to Plaintiff nor protectable copyrightable subject matter.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole or in part, as it does not own a valid registration in the alleged works that are asserted in the instant Complaint.

Upon information and belief, Plaintiff has committed a fraud on the Copyright Office.

Plaintiff represented to the Register of Copyrights in its applications for the registrations at issue that it is the owner of certain rights in and to the works at issue by virtue of work for hire, authorship and/or by written agreement.

Upon information and belief, Plaintiff's above statements to the copyright office were knowingly false when made.

Upon information and belief, Plaintiff neither owns nor has the exclusive rights to either the 2-D artwork, or the text on the Pokémon cards which are the claimed subject matter in the Certificates of Registration upon which Plaintiff's claims are based.

ANSWER AND AFFIRMATIVE DEFENSES - 2:14-cv-112
53406-001 \ 800690
-11-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1

2

Upon information and belief, in reliance upon Plaintiff's factual representations that it was the owner of certain rights in and to the Pokémon cards by virtue of work for hire, authorship and/or by written agreement, the Register of Copyrights issued Certificates of Registration for the elements of the Pokémon cards that were claimed by Plaintiff.

Upon information and belief, Plaintiff misrepresented ownership and/or claimed rights in and to the Pokémon cards.  Upon information and belief, Plaintiff obtained the Certificates of Registration for the works at issue in this action by false means and/or knowingly making false and/or fraudulent declarations and/or representations to the Register of Copyrights, with an intent to deceive the Register of Copyrights.   Upon information and belief, Plaintiff knew at the time of filing the applications for registration that the statements and representations regarding alleged ownership of the works was false.

Upon information and belief, the inaccuracy of the information Plaintiff provided to the Register of Copyrights, if known would have caused the Register of Copyrights to refuse registration.

Defendant has been damaged by Plaintiff's above acts as Plaintiff is being allowed to assert the instant claims against him, when upon information and belief, Plaintiff is not the owner of the copyrights at issue, obtained the Certificates of Registration upon which this action is based by fraud, and lacks the standing to sue, and should not be allowed to maintain the instant claim.

As such, Plaintiff's claims are barred in whole or in part by fraud upon the Copyright Office.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Court's lack of jurisdiction over the subject matter of this action, due to Plaintiff's failure to comply with 17 U.S.C.  § 411(a), specifically that Plaintiff does not have a registration for all of the works at issue, that Plaintiff is

ANSWER AND AFFIRMATIVE DEFENSES - 2:14-cv-112
-12-

53406-001 \ 800690

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1
2

not the author or exclusive licensee of the works at issue and/or that the claimed translations and

other text are not original copyrightable subject matter.

3

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

4
5

Plaintiff's claims are barred in whole or in part, by copyright misuse as Plaintiff has

consistently, and is unfairly claiming rights broader than those granted by the copyrights at issue.

6
7

Specifically, as set forth above, upon information and belief Plaintiff is not the owner or the

exclusive licensee of the 2-D artwork and/or text that Plaintiff claims ownership of.

8
9

Additionally, Plaintiff is asserting copyright infringement over works and/or parts of works not

10

subject to any existing copyright registrations, including but not limited some of the 2-D artwork

11

on the Pokémon cards at issue in this litigation.

12

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

13
14

Plaintiff's claims are barred in whole or in part, on the grounds that they constitute a restraint

of trade and/or are contrary to public policy.

15
16

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

17

Improper venue.

18

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

19
20

Plaintiff's claims are barred in whole or in part, due to its failure to join an indispensable

party.

21

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22
23

Plaintiff's claims are barred in whole or in part, based on the doctrine of abandonment of

24

copyright.

25
26

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1

2

**TWENTY NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part, on the grounds that Plaintiff is at best a mere licensee of the trademarks at issue and as such any alleged use inures to the benefit of the licensor such that Plaintiff has no rights and to title acquired by use.

3

4

5

**THIRTIETH AFFIRMATIVE DEFENSE**

6

7

Plaintiff's claims are barred in whole or in part, based upon the doctrine of abandonment, as the marks at issue have been licensed without quality control, and any alleged rights in or to the marks should be deemed abandoned.

8

9

10

**THIRTY FIRST AFFIRMATIVE DEFENSE**

11

12

Plaintiff's claims are barred in whole or in part, due to Plaintiff's and/or the mark owner's failure to police its mark.  As such the alleged marks have been weakened by widespread use by other(s).

13

14

**THIRTY SECOND AFFIRMATIVE DEFENSE**

15

16

Plaintiff's claims are barred in whole or in part, as Plaintiff does not own a valid trademark or own trademark rights in and to the marks it has asserted in the Complaint.

17

**THIRTY THIRD AFFIRMATIVE DEFENSE**

18

19

There is no and was no likelihood of confusion between the Pokellector App and Website on the one hand and any of Plaintiff's products on the other hand, nor are consumers likely to believe there is any association, or sponsorship between the parties.

20

21

22

**WHEREFORE**, Defendant demands judgment as follows:

23

a)   that Plaintiff's Complaint be dismissed in its entirety with prejudice;

24

25

b)   that Defendant be awarded costs, including reasonable attorneys' fees from Plaintiff pursuant *inter alia* to 17 U.S.C. §505; and

26

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1

c)   that this Court award Defendant such other and further relief as the Court deems

2

just and proper.

3

DATED this 19th day of December, 2014.

4

5

STOKES LAWRENCE, P.S.

6

7

By:  */s/ Shannon M. Jost*
              Shannon M. Jost (WSBA #32511)

8

              shannon.jost@stokeslaw.com
              Stokes Lawrence, P.S.

9

              1420 Fifth Avenue, Suite 3000
              Seattle, WA  98101

10

              (206) 626-6000
              Fax:  (206) 464-1496

11

12

ADELMAN MATZ PC

13

14

By:  */s/ Sarah M. Matz*

15

              Sarah M. Matz (admitted *pro hac vice*)
              sarah@adelmanmatz.com

16

              Adelman Matz, P.C.
              425 Park Avenue

17

              27th Floor
              New York, NY  10022

18

              (646) 650-2213
              Fax:  (646) 492-3667

19

Attorneys for Defendant Marcus Frasier

20

21

22

23

24

25

26

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2014, I caused the foregoing *Answer and Affirmative Defenses* to be:

☒  electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Judith B. Jennison
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
JJennison@perkinscoie.com

Breena Roos
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
BRoos@perkinscoie.com

Sarah Matz
Adelman Matz PC
425 Park Avenue, 27th Floor
New York, NY 10022
sarah@adelmanmatz.com

/s/ Shannon M. Jost
Shannon M. Jost (WSBA #32511)
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA  98101
(206) 626-6000
Fax:  (206) 464-1496
shannon.jost@stokeslaw.com
Attorneys for Defendant Marcus Frasier

ANSWER AND AFFIRMATIVE DEFENSES - 2:14-cv-112
53406-001 \ 800690
-16-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000